**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STATE OF MICHIGAN, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| GRAND TRAVERSE BAND OF OTTAWA ) | |
| AND CHIPPEWA INDIANS, ) | |
| ) | |
| Intervenor-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:10-cv-04457 |
| UNITED STATES ARMY CORPS OF ) | |
| ENGINEERS, ET AL., ) | Hon. Robert M. Dow, Jr. |
| ) | |
| Defendants, ) | |
| ) | |
| CITY OF CHICAGO, COALITION TO SAVE ) | |
| OUR WATERWAYS, and WENDELLA, ) | |
| SIGHTSEEING COMPANY, INC., ) | |
| ) | |
| Intervenor-Defendants. ) | |
| ) | |

**DEFENDANTS' REPLY ON MOTION TO STAY**

On January 21, 2011, pursuant to the Court's inherent power to manage its docket, Defendants requested that all district court proceedings be stayed for a short period during the pendency of Plaintiffs' appeal of the Court's December 2, 2010 Order denying the requested preliminary injunction. Plaintiffs have objected and argue: 1) Defendants have not met the test for application of Rule 62 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."); and 2) Defendants do not meet the test for application of the Court's inherent authority to manage its docket. Plaintiffs misunderstand Defendants' requested relief. Defendants are not seeking an injunction or relief from an injunction, such as provided for in Rule 62. Instead, Defendants

1

have sought for judicial efficiency reasons for the Court to stay the district court proceedings while the appeal is decided. Moreover, Plaintiffs have not addressed the factors for a stay pursuant to the Court's inherent authority. As such, Defendants respectfully request the Court enter a brief stay of all proceedings in the district court for six months from decision on this motion or until the Seventh Circuit rules (whichever comes first), that the Court allow any party to request that the stay be lifted for cause, and that in the event the Seventh Circuit has not ruled prior to the end of the six months, the Court hold a status conference and decide whether to continue the stay.

A.  **DEFENDANTS ARE NOT SEEKING A STAY PURSUANT TO FED. R. CIV. P. RULE 62**

Plaintiffs argue that the Court should apply the Rule 62 factors for issuance of the stay requested here. Pls.' Resp. at 2 (citing the Rule 62 factors, which are similar to the factors used in determining whether any type of emergency injunctive relief should issue). Plaintiffs further argue that the purpose of the requested stay is to preserve the status quo and that Defendants are on the "wrong side of the dispute." Pls.' Resp. at 4 (internal citations omitted). First, Defendants are not asking for a stay pursuant to Rule 62. Rule 62 allows for parties to request an injunction pending appeal. See Fed. R. Civ. P. 62 ("While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore or grant an injunction . . . ."). Here, there is no injunction from which to seek relief and Defendants are not seeking an injunction; thus, on its face, Rule 62 does not apply.

Likewise, the Court should not apply the standard for whether a Rule 62 injunction or relief from an injunction should be given. There is no question that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the

causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Abbott Labs. v. Matrix Labs., Inc., 2009 WL 3719214, at *2 (N.D. Ill.) (Nov. 5, 2009) (quoting Tex. Indep. Producers & Royalty Owners Ass'n v. EPA, 410 F.3d 964, 980 (7th Cir. 2004)). As such, the Court should look to the following factors in deciding whether to order the requested stay based on the Court's inherent authority to manage its docket: "1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, 2) whether a stay will simplify the issues in question and streamline the trial, and 3) whether a stay will reduce the burden of litigation on the parties and on the court." Id. (citing Tap Pharm. Prods., Inc. v. Atrix Labs., Inc., 2004 WL 422697, at *1 (N.D. Ill.) (Mar. 3, 2004)). As discussed briefly below and in detail in Defendants' opening motion, this standard is met and the Court should issue the requested stay. See Defs.' Mot. to Stay at 3-6 (Dkt. # 190).

Without providing any dispositive case law, Plaintiffs argue that this standard is "used chiefly in patent litigation" and thus, somehow precludes application here. Pls.' Resp. at 2. Plaintiffs' argument ignores the fact that this standard applies to situations where a court is exercising its inherent authority to manage its docket, regardless of the subject matter of the litigation. See Kircher v. Putnam Funds Trust, 2007 U.S. Dist. LEXIS 37826 at *6 (S.D. Ill.) (May 24, 2007) (staying a securities litigation case because "[i]t seems likely that the Seventh Circuit Court of Appeals' decisions in the pending appeals and/or cross-appeals in [the consolidated cases] will have significant effect on the ultimate disposition of the instant matter"); see also Spano v. Boeing Co., 2007 U.S. Dist. LEXIS 66613 (S.D. Ill.) (Sept. 10, 2007) (staying a motion for class certification sua sponte in a breach of fiduciary duty case based on alleged violations of ERISA during the pendency of an appeal).

**B.** **THE GRANTING OF A STAY PURSUANT TO THE COURT'S INHERENT POWER TO MANAGE ITS DOCKET WILL NOT PREJUDICE THE NON-MOVING PARTY, WILL SIMPLIFY THE ISSUES BEFORE THE COURT AND WILL REDUCE THE BURDEN OF LITIGATION ON THE PARTIES AND THE COURT**

Plaintiffs claim they will be prejudiced from a stay based on the imminent threat to the Great Lakes of the spread of Asian carp. Plfs' Resp. at 2, 4. The Court's denial of Plaintiffs' Motion for Preliminary Injunction, in part because the Court determined that Plaintiffs have failed to demonstrate that "the potential harm [they complain of] is either likely or imminent," indicates that Plaintiffs would not be prejudiced by the requested stay. Memorandum Opinion and Order, at 61 (Dkt. # 155). Moreover, a court must have a basis for determining that harm will result if a stay issues. Abbott Labs., 2009 WL 3719214, at *4 (N.D. Ill.) (Nov. 5, 2009) (holding that general concerns regarding the difficulty in litigating the case in the future does not suffice) (citations omitted). As such, the Court can conclude that granting a short stay of six months will not prejudice the Plaintiffs.

Plaintiffs argue that a determination on likelihood of success at the preliminary injunction stage is not a finding on actual merits of the litigation, and thus, the Seventh Circuit's ruling will not simplify the issues before the Court. Pls.' Resp. at 3. But Plaintiffs' proposal in the January status report is for motions practice to occur during the appeal, as opposed to going forward with discovery. In the event the Court decides to go forward with motions practice during the appeal, Plaintiffs do not – and cannot – deny the potential for supplemental briefing after the Seventh Circuit's decision. If, for example, the Seventh Circuit rules that Plaintiffs have presented a likelihood of success on the merits, perhaps the case would proceed directly to discovery as opposed to motions. There are multiple ways in which the Seventh Circuit's decision could

impact and simplify the issues before the Court, which weigh in favor of waiting for the opinion to issue.

Plaintiffs do not address the third factor, whether a stay might reduce the burdens of litigation on the parties and the court. As discussed in Defendants' opening motion, this factor, also weighs in favor of a stay. See Defs.' Mot. at 5-6; see also Pfizer, Inc. v. Apotex, Inc., 640 F. Supp. 2d 1006, 1010-11 (N.D. Ill. 2009) (granting stay based in part to avoid "the inevitable waste of judicial and party resources that will result" from having two similar cases proceeding in different forums).

## CONCLUSION

For the reasons set forth above and in Defendants' opening motion, Defendants respectfully request the Court grant Defendants' Motion to Stay.

Dated: February 11, 2011                    Respectfully submitted,


/s/ Maureen E. Rudolph
Maureen E. Rudolph
Matthew M. Marinelli
Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044
Tel. (202) 305-0479
Of Counsel:
Ann D. Navaro
Kimberly J. Sabo

Attorneys for Corps of Engineers


/s/ Ronald M. Hill
Ronald M. Hill, Acting General Counsel
Lisa Luhrs Draper

5

Brendan O'Connor
Metropolitan Water Reclamation District
Of Greater Chicago
100 East Erie Street
Chicago, Illinois 60611
(312)751-6583
ronald.hill@mwrd.org

Attorneys for Metropolitan Water Reclamation District for Greater Chicago


*/s/ David L. Rieser*
David L. Rieser
McGuireWoods LLP
77 West Wacker Drive
Chicago, IL 60601
312-849-8249
drieser@mcguirewoods.com

Attorney for Coalition to Save Our Waterways


*/s/ Stuart P. Krauskopf*
Stuart P. Krauskopf
Kurt Kauffman
The Law Offices of Stuart P. Krauskopf, P.C.
414 North Orleans Street, Suite 210
Chicago, IL   60654
312-377-9592 (main)
312-351-0570 (cell)
312-264-5618 (fax)
stu@stuklaw.com

Attorneys for Wendella Sightseeing Company

*/s/ Mortimer P. Ames*
Mortimer P. Ames
Graham G. McCahan
Diane Pezanoski
30 N. LaSalle St., Suite 1400
Chicago, IL 60602
(312) 744-6904
(312) 742-3832
mames@cityofchicago.org

Attorneys for City of Chicago