# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4457 | **DATE** | 3/31/2011 |
| **CASE TITLE** | State of Michigan, et al. vs. United States Army Corps of Engineers, et al. | | |

**DOCKET ENTRY TEXT**

This matter is before the Court on Defendants' motion to stay [183] all district court proceedings during the pendency of Plaintiffs' appeal of the Court's December 2, 2010 Order [155] denying the requested preliminary injunction. For the reasons set forth below, Defendants' motion [183] is denied in part and granted in part. Any party may move to lift the partial stay at any time for good cause. The Court will set a status date in a future minute order.

■[ For further details see text below.]                                                                    Docketing to mail notices.

## STATEMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); see also *Texas Independent Producers and Royalty Owners Asso. v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005). In deciding whether to enter such a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Tap Pharmaceutical Prods., Inc. v. Atrix Laboratories, Inc.*, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004). "[I]f there is even a fair possibility that the stay * * * will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

In weighing the competing interests in light of *Landis* and its progeny, the Court concludes that a stay of all proceedings in this case pending the Seventh Circuit's decision in Appeal No. 10-3891 is not warranted at this time. To begin with, even without discovery, the parties are tracking the issues presented in this litigation on a wide range of fronts. For instance, an issue that came up during the preliminary injunction hearing was the validity of eDNA research—specifically, the research conducted by Dr. David Lodge—with criticism centered on the fact that the research had not been published by a peer-reviewed journal. Since the hearing, Dr. Lodge's research has been published and the findings likely are of interest to both sides. Furthermore, during the hearing, the parties represented that testing was ongoing, and, once again, the results are certainly of interest to both sides and relevant to any further litigation in this matter. Limited discovery pending the Seventh Circuit's ruling likely will focus on the additional steps that Defendants, as well as the States, are taking to combat the threat of Asian carp to Lake Michigan as well as results based on the programs and tactics currently employed. This type of discovery in all likelihood will be relevant regardless of the Seventh Circuit's disposition of the appeal.

## STATEMENT

Because the parties are tracking the issues posed by this lawsuit with great interest, the Court does not believe that Defendants have made out a "clear case of hardship" in going forward nor can the Court envision any extreme hardship or prejudice to Defendants from proceeding with discovery at this time. As noted by Defendants during briefing on the motion for preliminary injunction, the Corps and the District maintain that they continue to work cooperatively with state and local partners to prevent Asian carp from entering the Great Lakes and establishing a population there. The continued exchange of written discovery on the progress of the parties' efforts, both locally and federally, would impose a minimal burden in light of the potential harm in a worst case scenario.

Although the Court is not convinced that a stay of all discovery is warranted, the Court concludes that granting a stay as to further motion practice is appropriate at this time, and most likely until the Seventh Circuit issues its decision in the pending appeal. Given the extraordinary amount of paper already filed in this litigation, it would be in both the parties' and the Court's interest to avoid, if possible, additional briefing prior to the Seventh Circuit's ruling and any pertinent guidance that the ruling may provide. See *Aetna State Bank v. Altheimer*, 430 F.2d 750, 755 (7th Cir. 1970) ("A stay pending the outcome of litigation in another court between the same parties, involving the same or controlling issues, is an acceptable means of avoiding unnecessary duplication of judicial machinery."). As noted above, any party may move to lift the partial stay at any time for good cause.